# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-00413-FDW-DCK

| | |
|---|---|
| **ROBBIE G. PLYLER, and DEBORAH PLYLER,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )  **ORDER** |
| **COX BROTHERS, INC.,** *et al.*, | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 19). This matter has been fully briefed, (Doc. Nos. 19–1, 23, 27), and is ripe for ruling. For the reasons set forth below, Defendants' Motion is **GRANTED IN PART,** as to Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, and **DENIED IN PART,** as to the remaining individual and corporate Defendants.

## I. BACKGROUND[1]

Plaintiffs Robbie G. Plyler ("Mr. Plyler") and Deborah Plyler ("Mrs. Plyler," and collectively, "Plaintiffs") filed this action against Defendants Cox Brothers, Inc., doing business as Cox Brothers Farm; Cox Farm Management, LLC, doing business as Cox Brothers Farm; Cox Land Investments, Limited Partnership; Cox Land Company, LLC; Russell F. Cox; Delano S. Cox; Marion F. Cox; Campbell Cox; and Cox Brothers Farms, a North Carolina General Partnership, asserting claims arising from an injury Mr. Plyler suffered during his employment. (Doc. No. 1).

---

[1] The background set forth herein is taken from a combination of the parties' briefing and attached exhibits. The background is taken in the light most favorable to Plaintiffs, the nonmoving party.

1

Plaintiffs' Complaint, filed on August 17, 2022, raises four causes of action: (1) Negligence/Gross Negligence against all Defendants; (2) Premises Liability against Defendants Owner and Owner Management; (3) Loss of Consortium against all Defendants; and (4) Punitive Damages against all Defendants. (Doc. No. 1). On June 14, 2023, Defendants filed a Motion for Summary Judgment, seeking "summary judgment on all of Plaintiffs' claims and on the issues of contributory negligence and offset." (Doc. No. 19). On July 12, Plaintiffs filed a Notice of Partial Voluntary Dismissal, Without Prejudice, to dismiss Cox Brothers, Inc.; Cox Farm Management, LLC; Cox Land Investments, Limited Partnership; and Cox Land Company, LLC. (Doc. No. 22). On that same day, Plaintiffs also filed their Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. (Doc. No. 23). Defendants filed their Reply Memorandum in Support of Motion for Summary Judgment on July 26. (Doc. No. 27).

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for

2

trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Id. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50. In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." Id. at 252.

### III. ANALYSIS

**A. Plaintiffs' Partial Voluntary Dismissal, Without Prejudice**

As an initial matter, the Court must address Plaintiffs' Partial Voluntary Dismissal, Without Prejudice, filed on July 12, 2023. (Doc. No. 22). Therein, Plaintiffs stated:

> Pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure, Plaintiffs Robbie G. Plyler and Deborah Plyler hereby voluntarily dismiss, *without prejudice*, all of their claims in this action against: Defendants Cox Brothers, Inc. d/b/a Cox Brothers Farm; Cox Farm Management, LLC d/b/a Cox Brothers Farm; Cox Land

3

Case 3:22-cv-00413-FDW-DCK   Document 28   Filed 08/17/23   Page 3 of 10

> Investments, Limited Partnership; and Cox Land Company, LLC. Nothing herein
> is intended to, or does, dismiss any of Plaintiffs' remaining claims against any other
> party.

(Doc. No. 22, p. 1) (emphasis in original). Importantly, only Plaintiffs signed and filed this dismissal. (Id.).

Plaintiffs' reliance on Rule 41(a) of the North Carolina Rules of Civil Procedure is misplaced, as the applicable rule for voluntary dismissals in federal courts is Rule 41(a) of the Federal Rules of Civil Procedure. There is a notable difference between the two rules. Under North Carolina Rules, a plaintiff may voluntarily dismiss all the way up until the close of his case. N.C. GEN. STAT. § 1A-1 (allowing a plaintiff to dismiss without a court order "any time before the plaintiff rests his case"). The Federal Rules, however, provide:

> **(a) Voluntary Dismissal.**
> **(1)** *By the Plaintiff.*
> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
> **(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a) (emphasis in original). Thus, under the Federal Rules, a plaintiff may only unilaterally voluntarily dismiss an action before the defendant files an answer or motion for summary judgment; after this, to voluntarily dismiss, the plaintiff must have either the defendant's consent or a court order. Here, the Federal Rules of Civil Procedure apply and as such, any dismissals by the parties must comply with Rule 41. See Hanna v. Plumer, 380 U.S. 460, 465–

4

(1965) (explaining that federal courts sitting in diversity cases "are to apply state substantive law and federal procedural law.") (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).

Defendants have already filed their Answer to Plaintiffs' Complaint, (Doc. No. 4), as well as the instant Motion for Summary Judgment, (Doc. No. 19). However, Plaintiffs' dismissal filing was not a stipulation of dismissal signed by all parties who have appeared, nor was it a motion requesting a court order dismissing the named Defendants. (Doc. No. 22). Therefore, Plaintiffs' Partial Voluntary Dismissal does not comply with Rule 41(a) of the Federal Rules.

Accordingly, Plaintiffs' Partial Voluntary Dismissal, Without Prejudice (Doc. No. 22), has no effect on this action and is **STRICKEN** from the record. Thus, the Court now turns to Defendants' Motion for Summary Judgment.

**A. Defendants Cox Land Investments, Limited Partnership, & Cox Land Company, LLC**

In moving for summary judgment, Defendants first argue that Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, do not own, use, or otherwise control, the property on which Mr. Plyler sustained his injury. Thus, they contend that because they thus do not owe any legal duty to Mr. Plyler, they cannot be held liable for any of Plaintiffs' claims against them. The Court agrees.

In order for a negligence claim to survive a motion for summary judgment, the plaintiff must present evidence showing: "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." Burnham v. S&L Sawmill, Inc., 749 S.E.2d 75, 79–80 (N.C. Ct. App. 2013) (quoting Von Viczay v. Thomas, 538 S.E.2d 629, 630–31 (N.C. Ct. App. 2000), aff'd, 545 S.E.2d 210 (2001) (per curiam) (citations omitted)). Thus, inherent, and integral,

to satisfying the elements required for a negligence claim is the existence of a duty owed by the defendant to the plaintiff.

Furthermore, in premises liability cases, the "ultimate issue . . . is determining whether Defendants breached 'the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors.'" Id. (quoting Nelson v. Freeland, 507 S.E.2d 882, 892 (N.C. Ct. App. 1998)). To that end, the plaintiff must show the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." Id. (quoting Fox v. PGML, LLC, 744 S.E.2d 483, 485 (N.C. Ct. App. 2013)). Thus, "ordinarily the ownership, use, and control of the premises is the usual test of liability." Atkinson v. Corriher Mills Co., 158 S.E. 554, 555 (N.C. 1931).

Here, the claims for negligence and premises liability arise out of an allegedly dangerous condition on the land, or an alleged manipulation of equipment on the land. (Doc. No. 1, p. 9–11). Thus, in order for Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, to be liable for Plaintiffs' first and second causes of action for negligence and premises liability, they must have owed Plaintiffs a legal duty due to their ownership, use, or control, of the property where Mr. Plyler was injured. See Atkinson, 158 S.E. at 555 (holding that "no duty of inspecting the path where plaintiff was injured was imposed upon the defendant by virtue of the fact that the defendant had no use or control over the [land]," because "[a]s long as the railway company had the right to use the land for railway purposes and was then in the present use and occupancy of such land for such purpose, the defendant was thereby deprived of control over the premises."). It is undisputed that neither Cox Land Investments, Limited Partnership, nor Cox Land Company, LLC, owned the land at issue. (Doc. No. 19-1, p. 12; Doc. No. 23, p. 5[2]). It

---

[2] In response to Defendants' contention that Marion and Delano Cox are the only proper defendants in this matter and that Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, do not own, use, or control

is also undisputed that these entities did not use the premises or control the premises during the relevant period. (Doc. No. 19-1, p. 12; Doc. No. 23, p. 5).[3] Thus, because there is no genuine dispute that Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, did not own, use, or control, the premises, they did not owe Mr. Plyler any legal duty arising therefrom. As such, Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, cannot be liable to Plaintiffs under any theory of negligence or premises liability. Therefore, they are entitled to summary judgment as a matter of law for Plaintiffs' First and Second Causes of Action for Negligence/Gross Negligence and Premises Liability.

Accordingly, Plaintiffs remaining claims for loss of consortium and punitive damages against Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, necessarily fail. Though permitted under North Carolina law, "[l]oss of consortium is a derivative action, and . . . a spouse cannot recover for loss of consortium unless the action of the injured plaintiff is successful." Sargent v. Edwards, 808 S.E.2d 927, at *8 (Table) (N.C. Ct. App. 2018); see also Nicholson v. Hugh Chatham Mem. Hospital, 266 S.E.2d 818 (N.C. 1980). Similarly, a party "cannot have a cause of action for punitive damages by itself. If the complainant fails to plead or prove his cause of action, then he is not allowed an award for punitive damages because he must establish his cause of action as a prerequisite for a punitive damage award." Oestreicher

---

the premises at issue in this matter, Plaintiffs argue that Rusty and Campbell are also proper defendants because of their general involvement in the operations at Cox Brothers Farm and specific involvement in the events leading up to Mr. Plyler's injury. (Doc. No. 23, p. 5). However, with regard to the remaining Defendants, Plaintiffs—in a footnote—state that they "voluntarily dismissed the corporate defendants, and only the four individual defendants remain." (Id. at 5, n.1). Thus, because Plaintiffs have failed to argue or provide any evidence indicating otherwise, the Court construes this as conceding that Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, do not own, use, or control the premises at issue.

[3] In addition, the Court notes that under these facts, the theory of *respondeat superior* is also unavailable here. See Gupton v. U.S., 799 F.2d 941, 942–43 (4th Cir. 1986) (holding that under North Carolina law, "in order to glean the benefits of *respondeat superior*, a plaintiff must prove: (1) the fact of employment, and (2) that the employee, at the time of the injury, was engaged in the master's business.") (citing Lindsey v. Leonard, 68 S.E.2d 852 (N.C. 1952)).

7

v. Am. Nat'l Stores, Inc., 225 S.E.2d 797, 808 (N.C. 1976) (citing Clemmons v. Ins. Co., 163 S.E.2d 761 (N.C. 1968); Gaskins v. Sidbury, 42 S.E.2d 513 (N.C. 1947)). Thus, because Plaintiffs' underlying claims for negligence and premises liability failed for the reasons above, their derivative claims necessarily fail as well. As such, Defendants Cox Land Investments and Cox Land Company are entitled to summary judgment as a matter of law on Plaintiffs' Third and Fourth Causes of Action for Loss of Consortium and Punitive Damages.

Therefore, Defendants' Motion for Summary Judgment is **GRANTED** as to Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC, because they are entitled to summary judgment as a matter of law with regard to all of Plaintiffs' claims against them. Thus, the Court turns to whether the remaining individual and corporate Defendants are entitled to summary judgment.

**B. Remaining Individual and Corporate Defendants[4]**

After reviewing the pleadings, exhibits, and applicable law, the Court finds that the remaining individual and corporate Defendants are not entitled to summary judgment on Plaintiffs' claims against them. In short, it is clear from this record that the parties' evidence reveals a genuine dispute as to material facts that preclude the entry of judgment for the Remaining Defendants as a matter of law on all of Plaintiffs' claims against them. For example, the evidence indicates disputes as to the relationships between the Remaining Defendants, and also as to the parties' knowledge of, and responsibility for, the allegedly dangerous condition on the land. Accordingly, resolution of liability as to Plaintiffs' claims is appropriate for resolution by a jury.[5] Accordingly, Defendants' Motion is **DENIED** as to Plaintiffs' claims against the Remaining Defendants.

---

[4] The remaining Defendants are Cox Brothers, Inc., *d/b/a* Cox Brothers Farm; Cox Farm Management, LLC, *d/b/a* Cox Brothers Farm; Russell F. Cox; Delano S. Cox; Marion F. Cox; Campbell Cox; and Cox Brothers Farms, a North Carolina General Partnership, (collectively the "Remaining Defendants") . (Doc. No. 1, p. 1).
[5] Both parties have demanded a trial by jury. (Doc. No. 1, p. 12; Doc. No. 4, p. 20).

## C. Contributory Negligence

Finally, the Court finds that Defendants are not entitled to summary judgment as a matter of law with regard to their affirmative defense that Mr. Plyler's contributory negligence precludes the Remaining Defendants' liability.

> In order for a defendant to prevail on a summary judgment motion based on an affirmative defense, the defendant must shoulder the burden usually allocated to a plaintiff moving for summary judgment: the defendant must adduce evidence which supports the existence of each element of its affirmative defense, and the evidence must be "so powerful that no reasonable jury would be free to disbelieve it."

Herndon v. Massachusetts Gen. Life Ins. Co., 28 F. Supp. 2d 379, 382 (W.D. Va. 1998) (citing 11, Coquillette, *et al.*, Moore' Federal Practice § 56.13(1) (3rd ed.1987) (citing Brown v. Valentine, 240 F. Supp. 539, 539 (W.D. Va. 1965))). Additionally, in order to establish contributory negligence, it must be shown "(1) that the plaintiff failed to act with due care and (2) such failure proximately caused the injury." Mohr v. Matthews, 768 S.E.2d 10, 12 (N.C. Ct. App. 2014). Therefore, in order to prevail on this affirmative defense, the Remaining Defendants would need to assert both elements of the defense for contributory negligence "so powerfully that no reasonable jury would be free to disbelieve it." Herndon, 28 F. Supp. 2d at 382.

Here, the parties' evidence reveals a genuine dispute as to material facts that preclude the entry of judgment for the Remaining Defendants on the issue of contributory negligence. For example, as above, the evidence indicates a dispute as to the Mr. Plyler's knowledge of, and responsibility for, the allegedly dangerous condition on the land. Accordingly, resolution of liability as to Defendants' affirmative defense is appropriate for resolution by a jury. Therefore, Defendants' Motion for Summary Judgment is **DENIED** as to Defendants' affirmative defense of contributory negligence.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' Notice of Partial Voluntary Dismissal, Without Prejudice, (Doc. No. 22), has no effect on this action and is **STRICKEN** from the record;

2. Defendants' Motion for Summary Judgment, (Doc. No. 19), is:

    a. **GRANTED IN PART,** to the extent it seeks summary judgment on all of Plaintiffs claims as against Defendants Cox Land Investments, Limited Partnership, and Cox Land Company, LLC;

    b. **DENIED IN PART,** to the extent it seeks summary judgment on all of Plaintiffs' claims as against Defendants Cox Brothers, Inc., *d/b/a* Cox Brothers Farm; Cox Farm Management, LLC, *d/b/a* Cox Brothers Farm; Cox Land Company, LLC; Russell F. Cox; Delano S. Cox; Marion F. Cox; Campbell Cox; and Cox Brothers Farms, a North Carolina General Partnership;

    c. **DENIED IN PART,** to the extent it seeks summary judgment as to the Remaining Defendants' affirmative defense of contributory negligence.

**IT IS FURTHER ORDERED** that the parties shall **TAKE NOTICE** that trial is scheduled to begin on Monday, November 6, 2023. (Doc. No. 11). The parties' Pretrial Submissions shall be due by October 16, 2023. Docket Call will take place at 9:01 a.m. on November 6, 2023, and the Final Pretrial Conference will take place immediately following Docket Call, in Courtroom #5B of the Charles R. Jonas Federal Building, located at 401 West Trade Street, Charlotte, North Carolina, 28202.

**IT IS SO ORDERED.**

Signed: August 17, 2023

Frank D. Whitney
United States District Judge