UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00413-FDW-DCK

| | |
|---|---|
| DEBORAH PLYLER and ROBBIE G. PLYLER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ORDER |
| COX BROTHERS, INC. *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

THIS MATTER is before the Court to memorialize the Court's rulings on Defendants' Motion in Limine and Memorandum in Support (Doc. Nos. 36, 37) as it pertains to the exclusion of any testimony regarding the lack of an OSHA investigation into Plaintiff Mr. Plyler's injury. At the pre-trial hearing, the Court orally granted Defendant's motion in limine as to this matter. On the third day of trial, after a significant amount of evidence, the Court asked both sides to file supplemental briefing on the issue for reconsideration, including arguments as to why such evidence is or is not relevant for gross negligence and punitive damages. After reviewing the subsequently filed briefs, (Doc. Nos. 48, 49), and hearing arguments, the Court orally granted in part Defendants' motion in limine on this matter and indicated that it would memorialize its ruling in a detailed order. This order follows.

Defendants argue that any evidence of a failure by Defendants to properly report Mr. Plyler's injury to OSHA is not relevant under Rule 401 of the Federal Rules of Evidence and use of such evidence is unsupported by case law. (Doc. No. 48). Specifically, Defendants argue that any failure to report the injury to OSHA did not contribute to Mr. Plyler's injury. Conversely, Plaintiffs argue that alleged communications between Defendants and Mrs. Plyer in which

1

Defendants instructed Mrs. Plyler to not call OSHA are relevant measures of Defendants' culpability for purposes of liability. (Doc. No. 49). Additionally, Plaintiffs argue that, at a minimum, the instruction by Defendants advising Mrs. Plyler not to contact OSHA is relevant for purposes of determining the amount, if any, of punitive damages pursuant to N.C. GEN. STAT. § 1D-35.

The Court concludes that evidence of Defendants' lack of an OSHA investigation and communications asking parties not to contact OSHA is not relevant for purposes of determining Defendants' liability. Rule 401 of the Federal Rules of Evidence provides:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Hence, the threshold for relevancy is low. United States v. Awni Shauaib Zayyad, 741 F.3d 452, 459 (4th Cir. 2014) (citing United States v. Powers, 59 F.3d 1460, 1465 (4th Cir. 1995)). Yet, the North Carolina Court of Appeals has held on several occasions that claims for gross negligence or punitive damages must be supported by willful and wanton conduct connected with the alleged injury. See King v. Allred, 76 N.C. App. 427, 433 (1985) ("It is for the jury to determine whether Allred's negligence evinced a willful or reckless indifference to the rights of others, and then, whether her willful or wanton conduct was the proximate cause of the accident."); Schenk v. HNA Holdings, Inc., 170 N.C. App. 555, 560 (2005) (finding pre-injury destruction of evidence not relevant to punitive damages absent evidence the document destroyed was related to the injuries suffered by plaintiffs).

Here, Defendants' failure to report Mr. Plyler's injury to OSHA could only have occurred after the injury itself. Similarly, the alleged conversation during which Defendants instruct Mrs. Plyler not to contact OSHA regarding the injury happened the evening of November 9, 2020—

2

Case 3:22-cv-00413-FDW-DCK   Document 52   Filed 11/28/23   Page 2 of 4

nearly half-a-day after the accident occurred. There is no evidence to suggest that either the failure to report or communications asking others to also not report are connected with Mr. Plyler's injury. Therefore, this post-injury evidence is not relevant to any claims of liability before the jury.

However, the Court concludes that evidence of Defendants' lack of an OSHA investigation and communications asking parties not to contact OSHA is relevant for the limited purpose of determining the amount of punitive damages. North Carolina law provides:

> In determining the amount of punitive damages, if any, to be awarded, the trier of fact:
> . . .
> (2) May consider only that evidence that relates to the following:
>     a. The reprehensibility of the defendant's motives and conduct.
>     b. The likelihood, at the relevant time, of serious harm.
>     c. The degree of the defendant's awareness of the probable consequences of its conduct.
>     d. The duration of the defendant's conduct.
>     e. The actual damages suffered by the claimant.
>     f. Any concealment by the defendant of the facts or consequences of its conduct.
>     g. The existence and frequency of any similar past conduct by the defendant.
>     h. Whether the defendant profited from the conduct.
>     i. The defendant's ability to pay punitive damages, as evidenced by its revenues or net worth.

N.C. GEN. STAT. § 1D-35. Though Defendants point to two North Carolina Court of Appeals cases for the proposition that conduct after an injury cannot support punitive damages where it is unrelated to the injuries and damages, both cases are procedurally distinguishable. In Azzolino v. Dingfelder, 71 N.C. App. 289, 320 (1984), the North Carolina Court of Appeals affirmed the trial court's finding that "plaintiffs failed to set forth sufficient allegations to support a claim for punitive damages" at the summary judgment stage. Importantly, the only alleged conduct which served as the basis for the punitive damages claim was conduct occurring after the injury. Id. In Paris v. Michael Kreitz, Jr., P.A., 75 N.C. App. 365, 376 (1985), the sole evidence supporting punitive damages was "evidence permit[ing] the inference that Dr. Averett altered the emergency

room record." Therefore, it was appropriate for the issue of punitive damages to be dismissed through directed verdict because plaintiffs "neither allege nor attempt to prove that the document alternation aggravated the injury caused by the alleged malpractice." Id. at 377.

Here, the issue of punitive damages prevailed past both the summary judgment and directed verdict stages of litigation based on evidence of Defendants' willful and wanton conduct related to the condition of the grain bin in question which directly contributed to the loss of Mr. Plyler's leg. Any alleged attempts to conceal the injury in this case from OSHA is not itself considered an aggravating factor for establishing a basis for punitive damages. Rather, because this trial is not bifurcated and concealment by the defendant is a statutorily prescribed factor for consideration in determining the amount of punitive damages, the Court is allowing the alleged communications between Mrs. Plyler and Defendants into evidence with a clear limiting instruction of its appropriate use.

THEREFORE, Defendant's Motion in Limine as it pertains to the exclusion of any testimony regarding the lack of an OSHA investigation into Plaintiff Mr. Plyler's injury is GRANTED IN PART and DENIED IN PART for the reasons stated in open court and for the reasons memorialized herein.

IT IS SO ORDERED.

Signed: November 28, 2023

Frank D. Whitney
United States District Judge